FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

99 DEC 28 PM 4: 27

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

---------------------------------x

ROBERT T. ERWIN, JR.            :

    Plaintiff,               :

v.                              :            Case No.: 99-2933
                                             Civ-T-17F
MARONDA HOMES, INC. OF          :            COMPLAINT and DEMAND
FLORIDA,                                     FOR JURY TRIAL
                                :
    Defendant.
---------------------------------x


Plaintiff Robert T. Erwin, Jr. (hereinafter referred to as "Erwin"), by and through the undersigned counsel, hereby sues Defendant Maronda Homes, Inc. of Florida (hereinafter referred to as "Maronda") and, in support thereof, alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this court is invoked pursuant to the Age Discrimination in Employment Act of 1967, as amended and the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5(f), the Florida Civil Rights Act, Florida Statutes, Chapter 760 *et seq.*, and 28 U.S.C. § 1367.

2.     The allegations in this case took place in Tampa, Florida within the jurisdiction of the United States District Court, Middle District of Florida.

## PARTIES

3.     Plaintiff Erwin is a citizen of the United States and a resident of Spring Hill in the Middle District of Florida, and he was the Complainant in the administrative proceedings giving rise to this cause of action.

4.     On information and belief, Defendant is a Florida corporation and operates at numerous business locations in the State of Florida. The address of a principal place of business is 4005 Maronda, Sanford, Florida and the location of the events that form the allegations in this Complaint is 4815 E. Busch Blvd., Suite 207, Tampa, Florida.

## AS AND FOR A FIRST CAUSE OF ACTION

5.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 4 above.

6.     At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 630(b) and is thus covered by and subject to the Age Discrimination in Employment Act of 1967 ("ADEA") (29 U.S.C. § 621 et seq.).

7.     Plaintiff's date of birth is August 9, 1934 and, as of February 26, 1999, Plaintiff was 64 years of age and is an individual protected by the ADEA.

8.     As of February, 1999, Plaintiff was employed by Defendant in the capacity of sales representative.

9.     Plaintiff had been employed in various positions by Defendant from in or about July,

1998 until February 26, 1999.

10. Defendant discriminated against Plaintiff by subjecting Plaintiff to an age hostile work environment, treating Plaintiff in a disparate manner from younger employee which negatively impacted employees over the age of 50 in the areas of job assignments, job functions, promotional opportunities and discipline, enforcing employment policies that disproportionally impacted in an adverse fashion the conditions and terms of employment of Plaintiff and others similarly situated as Plaintiff, retaliating against Plaintiff on the basis of his age and effectuating policies that disparately impacted Plaintiff and individuals similarly situated on the basis of their age. Defendant showed hostility and aversion toward Plaintiff because of his age and the purpose or effect of Defendant's actions was to intimidate and humiliate Plaintiff. Defendant's actions unreasonably interfered with Plaintiff's work performance and adversely affected Plaintiff's job opportunities.

11. Plaintiff was discharged by Defendant on February 26, 1999 because of Plaintiff's age in violation of the ADEA.

12. Defendant's conduct in violation of the ADEA was willful.

13. Plaintiff has satisfied all of the procedural and administrative requirements set forth in 29 U.S.C. § 626, in particular:

  a. Plaintiff filed a timely charge with the appropriate state fair employment practices office.
  b. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission.
  c. These charges were filed more than 60 days prior to the filing of this action and a complaint in this matter was filed within 90 (ninety) days from receipt of the Notice of Right to Sue received on October 8, 1999.

14. This court has jurisdiction of this action by virtue of 29 U.S.C. § 626(c)(1), and 28

U.S.C. §§ 1331 and 1343(a)(4).

15. Proper venue is in this court as the unlawful action occurred within this district.

16. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury as a result of Defendant's actions.

WHEREFORE, Plaintiff hereby demands a trial by jury and prays for the following legal and equitable remedies:

    a. Defendant be ordered to employ and re-instate the Plaintiff in the position from which he was discharged, together with all benefits incident thereto, including but not limited to wages, benefits, training, and seniority; and

    b. Defendant be required to compensate Plaintiff for the full value of wages and benefits that Plaintiff would have received had it not been for Defendant's unlawful treatment of the Plaintiff, including the decision to terminate Plaintiff, with interest thereon, until the date Plaintiff is offered reemployment into a position substantially equivalent to the one Plaintiff occupied on February 26, 1999 and front pay if Plaintiff is not reinstated, and afforded all benefits that would have been afforded Plaintiff but for said discrimination; and

    c. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§ 626(b) and 216(b) as well as compensatory and punitive damages in amounts to be determined by the jury; and

    d.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Age Discrimination in Employment Act; and

    e.    That Plaintiff be awarded against the Defendant the costs and expenses of this litigation action and reasonable attorneys' fees; and

    f.    That Plaintiff be granted such further legal and equitable relief as the court may deem just and proper.

### AND AS FOR A SECOND CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**

17.    Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 16 above.

18.    Plaintiff invokes this Court's jurisdiction pursuant to Rule 18 (a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367 to hear and adjudicate claims arising out of the transactions and conduct set forth above that violate rights and duties established by the laws of Florida.

19.    The Defendant's acts of scheming and setting up Plaintiff for abuse, of creating an environment conducive to, condoning and permitting discrimination to occur and continue, of creating, maintaining and enforcing a policy of intentionally or recklessly failing to take actions to effectively remedy the harassment constitute and caused physical and severe emotional distress to Plaintiff. The actions were extreme, wanton, intentional, excessive and outrageous by any standards of civility. These actions give rise to a claim for relief in damages for intentional infliction of emotional harm against Defendant in the amount of actual damages, including pain and suffering and dignitary harms, and for punitive damages in amounts to be determined by the jury.

## AS AND FOR A THIRD CAUSE OF ACTION
### State Statutory Claims

20. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 19 above.

21. Plaintiff invokes this Court's jurisdiction pursuant to Rule 18 (a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367 to hear and adjudicate claims arising out of the transactions and conduct set forth above that violate rights and duties established by the laws of Florida.

22. The abuse of authority and discriminatory treatment alleged above gives rise to a claim for redress under the laws of the State of Florida, Chap. 760, *et seq.*, Hillsborough County and the City of Tampa for which Plaintiff seeks actual damages including pain and suffering and dignitary harms and for punitive damages in such amount as the jury shall determine as against Defendant.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unpaid Wages)

23. Plaintiff Erwin repeats and realleges paragraphs 1 through 4 above as if fully set forth herein.

24. For the availability of services to be provided by Plaintiff Erwin, Defendant promised to pay wage compensation to Plaintiff Erwin according to the terms and quotations cited in an established payment schedule; to wit: compensation based upon an established salary plus bonus.

25. Defendant failed to pay wages to Plaintiff Erwin according to the established payment schedule pursuant to the terms of the employment agreement.

26. Defendant owes unpaid wages to Plaintiff Erwin in an amount that exceeds

$15,000.00, as will be determined at trial, that is due with pre-judgment interest.

27. Plaintiff Erwin is obligated to pay court costs and expenses and said court costs and expenses should be paid by Defendant.

28. Plaintiff Erwin is obligated to pay his attorney a reasonable fee for his services and said attorneys' fees should be paid by Defendant pursuant to Fla. Stat. §448.08.

WHEREFORE, Plaintiff Erwin demands judgment against Defendant in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Quantum Meruit)

29. Defendant repeats and realleges paragraphs 1 through 4 above as if fully set forth herein.

30. Before the institution of this action, Plaintiff Erwin and Defendant entered into an employment agreement between them that provided for the payment of compensation to Plaintiff Erwin based upon services provided by Plaintiff Erwin.

31. Plaintiff Erwin provided all services assigned and directed to him by the agents of Defendant from the commencement of his employment until his discharge in February 1999.

32. Defendant failed to compensate Plaintiff Erwin for the total and full value of all services rendered by Plaintiff Erwin pursuant to the employment agreement.

33. There is now due, owing and unpaid from Defendant and to Plaintiff Erwin damages with interest for the labor and services furnished to Defendant at its request during Plaintiff Erwin

active employment with Defendant

34. Plaintiff Erwin is obligated to pay court costs and expenses and said court costs and expenses should be paid by Defendant

35. Plaintiff Erwin is obligated to pay his attorney a reasonable fee for his services and said attorneys' fees should be paid by Defendant

WHEREFORE, Plaintiff Erwin demands judgment against Defendant in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Fraud)

36. Plaintiff Erwin repeats and realleges paragraphs 1 through 4, 22 and 31 above as if fully set forth herein.

37. Defendant entered into an employment agreement with Plaintiff Erwin for the performing of services at an agreed upon compensation scale.

38. After Plaintiff Erwin was advised by the agent of Defendant that his employment compensation would continue and thereby inducing Plaintiff to execute agreements, Defendant knowingly terminated Plaintiff.

39. Defendant willfully, and with the intent to defraud, induced Plaintiff Erwin to continue to provide services to Defendant without compensating Plaintiff Erwin for his services and labor.

40. There is now due, owed and unpaid from Defendant to Plaintiff Erwin damages with pre-judgment interest for the labor furnished to Defendant at its request.

41. Defendant willfully engaged in fraudulent conduct causing damages to Plaintiff

Erwin's reputation in his field of business and financial distress to Plaintiff Erwin warranting an award of compensatory and punitive damages against Defendant in an amount to be determined at trial.

42. Plaintiff Erwin is obligated to pay court costs and reasonable attorneys' fees and expenses and said attorneys' fees and expenses should be paid by Defendant.

WHEREFORE, Plaintiff Erwin demands judgment against Defendant and in an amount to be determined at trial, including an award of punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all issues so triable including, but not limited to, the issues of compensatory and punitive damages.

Douglas A. Lopp, P.A.

_____
DOUGLAS A. LOPP, Esq.
Trial Counsel for Plaintiff
Florida Bar No. 69434
Douglas A. Lopp, P.A.
132 S. Lithia Pinecrest Road
Brandon, Florida 33511
Telephone: (813) 651-3505
Telecopier: (813) 681-4922